AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>SUBJECT VEHICLE: A white, 1977, Ford<br>F-250 Pickup Truck, VIN X25JKZ11409,<br>bearing Washington State License Plate C95289J | Case No.   MJ21-110 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
SUBJECT VEHICLE: A white, 1977, Ford F-250 Pickup Truck, VIN X25JKZ11409, bearing Washington State License Plate C95289J, in the secured control of the FBI at Federal Center South, 4735 E. Marginal Way S., Seattle,
located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

SUBJECT VEHICLE: A white, 1977, Ford F-250 Pickup Truck, VIN X25JKZ11409, bearing Washington State License Plate C95289J

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(6) | Assault Resulting in Serious Bodily Injury |
| 18 U.S.C. § 1112 | Involuntary Manslaughter |

The application is based on these facts:
✓ See Affidavit of Special Agent Doak Mahlik continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Special Agent Doak Mahlik FBI
*Printed name and title*

☐ The foregoing affidavit was sworn to before me and signed in my presence, or
☑ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: __02/25/2021__

*Judge's signature*

City and state: Seattle, Washington     Hon. Brian A. Tsuchida, Chief United States Magistrate Judge
*Printed name and title*

USAO: 2020R00526

# AFFIDAVIT

STATE OF WASHINGTON  )
                     ) ss
COUNTY OF SNOHOMISH  )

I, Doak Mahlik, a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), having been duly sworn, state as follows:

## INTRODUCTION AND AFFIANT'S BACKGROUND

1. I am a Special Agent with the FBI and have been so employed for more than eighteen years. I am currently assigned to the FBI office in Everett, Washington with the primary assignment of investigating violations of federal law on the federally recognized Indian reservations, including the Tulalip Indian Reservation. In my time as a law enforcement officer, I have participated in numerous types of investigations on Indian Reservations, including, but not limited to, narcotics, assaults, domestic violence assaults, and sexual assaults.

2. I am investigating allegations that DANNY L. SIMPSON, JR. (SIMPSON) committed the crimes of Involuntary Manslaughter and/or Assault Resulting in Serious Bodily Injury on or about February 2, 2020, in violation of Title 18, United States Code, Sections 1112, 113(a)(6) and 1153. As is discussed below, SIMPSON drove a motor vehicle off a clifftop at a sand and gravel pit while under the influence of alcohol and marijuana. The vehicle free-fell more than 40 feet before crash landing into the gravel pit below. The crash resulted in the death of SIMPSON's passenger, who is identified herein as "John Doe" to protect his privacy.

3. In furtherance of the investigation, I am requesting a warrant authorizing a forensic mechanical examination of the motor vehicle SIMPSON was driving at the time of the crash to analyze whether the vehicle's mechanical systems were operational and functioning properly at the time of the crash.

4. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation,

Affidavit of Doak Mahlik - 1
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## PROBABLE CAUSE

5. At approximately 1:15 a.m. on the morning of February 2, 2020, a maintenance worker at the Simpson Gravel Pit, located at 6610 140th St. NW, Stanwood, Washington, called 911 to report that a motor vehicle had driven off a cliff, landing on its roof and resulting in injuries to the vehicle's occupants. The property, which was not well lighted at night, is privately-owned trust land within the exterior boundaries of the Tulalip Indian Reservation. This vehicle was subsequently identified as a white, 1977, Ford F-250 pickup, VIN X25JKZ11409, bearing Washington license plate number C95289J, which is registered to SIMPSON (the "Subject Vehicle").

6. A Snohomish County Sheriff's Office (SCSO) deputy was one of the first law enforcement officers to respond to the scene. He spoke with the maintenance worker who called 911, who is referred to herein as, "B.M.," to protect his privacy. B.M. repeatedly told the deputy that the occupants of the Subject Vehicle had been drinking and that he thought alcohol had played a factor in the crash. He also told the deputy that he had asked SIMPSON and his passenger to leave the property. The deputy observed SIMPSON and Doe to assess their physical condition and extent of their injuries. While doing so, he spotted an open aluminum bottle of Bud Light lying on the ground a short distance from the driver's side door of the Subject Vehicle.

7. When other officers from the Tulalip Police Department (TPD) and the SCSO and first responders from the Marysville Fire District arrived at the scene, SIMPSON was partially in the Subject Vehicle and was seriously injured. SIMPSON's passenger, John Doe, was gravely injured and trapped within the crushed cab of the Subject Vehicle, requiring

Affidavit of Doak Mahlik - 2
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

extrication. SIMPSON and Doe were later transported to Providence Hospital in Everett, Washington.

8. The SCSO applied for and obtained a search warrant for samples of SIMPSON's blood to determine his level of impairment, if any, at the time of the crash. Blood samples were taken at Providence Hospital and preserved as evidence.

9. TPD detectives applied for and obtained a search warrant authorizing TPD to seize the Subject Vehicle. TPD seized the Subject Vehicle and caused it to be removed from the gravel pit and retained it as evidence until it was later released to the FBI. When the Subject Vehicle was placed on its wheels following its recovery from the gravel pit in preparation for transport, it rolled freely, suggesting the transmission was not in gear.

10. TPD learned from Doe's family that Doe's vehicle was parked at a pub in Stanwood, Washington. TPD detectives interviewed employees at the pub and learned that shortly before midnight on February 1, 2020, SIMPSON, his wife, and Doe departed the pub together following several hours of drinking alcoholic beverages. TPD detectives obtained video from the pub, which showed the three departing together at approximately 11:45 p.m.

11. A Washington State Patrol toxicology laboratory analysis of SIMPSON's blood showed a blood ethanol content of .13 percent and a Carboxy-THC level of 9.1 nanograms per deciliter. The blood samples also screened positively for of alprazolam (marketed as Xanax) and Nordiazepam. Simpson's blood alcohol content greatly exceeded .08 percent, which is the threshold for determining whether a driver was legally impaired under Washington state law. Similarly, SIMPSON's THC level greatly exceeded 5 nanograms per deciliter of blood, which is the threshold for determining whether a driver was under the influence of THC, the main psychoactive compound in marijuana.

12. A TPD detective and I conducted a follow up interview of B.M. who said he had observed SIMPSON, whose family owns the gravel pit, driving the Subject Vehicle on the property immediately prior to the crash. B.M. said he spoke with SIMPSON, who drove the Subject Vehicle to the maintenance buildings on the property to add water to the radiator because it was overheating. B.M. reported seeing an unidentified adult male in the right front

Affidavit of Doak Mahlik - 3
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

seat of the Subject Vehicle. B.M. stated that SIMPSON had recently had work done on the Subject Vehicle, including installing a new motor, headers (an engine component), and electronic fuel injection. B.M. also stated that he did not think that SIMPSON was drunk.

13. According to B.M., after SIMPSON refilled the radiator, he drove the Subject Vehicle to the western part of the property and continued off-road driving. At some point, the Subject Vehicle backed over the edge of a cliff created by the excavation of gravel at the site. Prior to the crash, B.M. stated he heard the engine of the Subject Vehicle rev loudly, and then he observed the headlights of the Subject Vehicle point skyward as it fell into the gravel pit below. The Subject Vehicle landed on its roof, crushing the cab passenger compartment. Measurements conducted by the Tulalip Geographic Information System Group showed the Subject Vehicle had fallen approximately 41 feet.

14. On February 5, 2020, John Doe died from the injuries he sustained in the crash. The Snohomish County Medical Examiner's Office conducted an autopsy and determined that his death was caused by hypoxic ischemic encephalopathy due to skull fractures, cerebral contusions, and acute subdural and subarachnoid hemorrhage, resulting from blunt force trauma to the head.

15. I have reviewed the Tulalip Tribes Certificate of Indian Blood for SIMPSON, which confirms he is an enrolled member of the Tulalip Tribes and has a Tulalip blood quantum. The Tulalip Tribes is a federally recognized Indian tribe.

16. I have also reviewed Tulalip land status documents for property where the crash occurred, which show that it is located on trust land within the exterior boundaries of the Tulalip Indian Reservation.

**FORENSIC MECHANICAL EXAMINATION OF THE SUBJECT VEHICLE**

17. As explained herein, the mechanical condition of the Subject Vehicle is important to understanding whether mechanical failure had a causal connection to the crash, which resulted in Doe's death. This may include, but is not limited to, inspection and analysis of the condition of the drivetrain, motor, transmission, braking, steering, wheels, tires, and electrical systems. The vehicle was initially secured by the SCSO and is now in the
Affidavit of Doak Mahlik - 4
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

...

secured custody of the FBI at the Federal Center South, 4735 E. Marginal Way S., Seattle, WA 98134.

18. The government has retained Roger W. Smedsrud, a forensic mechanic with experience in mechanical inspection and analysis of motor vehicles to perform a forensic mechanical examination of the Subject Vehicle. Mr. Smedsrud worked for 32 years for the City of Seattle in the equipment maintenance repair shop in various capacities including the Senior Automotive Machinist. Since 1972, Mr. Smedsrud has performed over 950 forensic mechanical inspections and/or reconstruction analyses on various types of motor vehicles including trucks.

19. Upon issuance of the requested search warrant, Mr. Smedsrud will make arrangements to perform a forensic examination of the Subject Vehicle's mechanical systems at the Federal Center South. Mr. Smedsrud anticipates completing his examination of the subject vehicle within eight (8) hours.

20. Finally, SIMPSON has retained an attorney regarding this matter who has communicated with me and has identified a consultant, Timothy A. Moebes, B.A. Sc., P.E., that he would like to be present during any examination of the Subject Vehicle. The government and Mr. Smedsrud have no objection to the defense consultant being present during his forensic examination of the Subject Vehicle's mechanical systems, and agree to give notice to the defense, and will work with Mr. Moebes to schedule Mr. Smedsrud's work for a mutually convenience time.

///
///
///

Affidavit of Doak Mahlik - 5
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

21. Based on the foregoing facts, I believe there is probable cause for the issuance off the requested search warrant. I believe that a forensic mechanical examination of the Subject Vehicle will provide valuable evidence material to this ongoing investigation into whether SIMPSON violated Title 18, United States Code, Sections 1112 (Involuntary Manslaughter) and/or 113(a)(6) (Assault Resulting in Serious Bodily Injury). I therefore petition the Court for the issuance of a search warrant as described above.

22. This search warrant application is being submitted via reliable electronic means pursuant to Fed. R. Crim. P. 4.1 & 41(d)(3).

_____
DOAK MAHLIK, Affiant
Special Agent, FBI

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 25th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

Affidavit of Doak Mahlik - 6
USAO 2020R00526

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970